# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Estrada Leal,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan,<br><br>    Defendant. | No. CV-19-04768-PHX-DLR (CDB)<br><br>**ORDER** |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 19) regarding Plaintiff's Motion to Amend and for Injunction (Doc. 10). The R&R recommends that Plaintiff's Motion to Amend be denied except insofar as Plaintiff seeks to add the factual allegations in paragraphs 33 through 43. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 19 at 7.) Plaintiff filed an objection to the R&R on January 14, 2020 (Doc. 21), and Defendant Dorothy Igwe filed her response on February 28, 2020. (Doc. 28.)

The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found that although Plaintiff's Second Amended Complaint provided additional support to the allegations against Defendant Igwe in Count Two, it did not cure the deficiencies described in the Court's Screening Order (Doc. 8) as to Count One or as to the other Defendants in Count Two.

The lodged Second Amended Complaint consists of the First Amended Complaint with the added redlined paragraphs 27 through 43. (Doc.12.) Plaintiff's lodged Second Amended Complaint is a narrative of facts that lists a series of acts of alleged neglect or misconduct by the medical providers toward him and other inmates, but there are no allegations about how the alleged conduct caused him harm or damage. Particularly troubling is the allegation in paragraph 27 that Stewart and Perkins delayed Plaintiff's surgery for no medical reason. However, there is no allegation in the lodged Second Amended Complaint about who determined surgery was needed, when it was determined surgery was needed, when the surgery occurred and what, if any, damage was caused by the delay.

Plaintiff's objections point out the conduct he alleged in his lodged Second Amended Complaint. Particularly, he underscores that Stewart and Perkins delayed his surgery, that Centurion and Corizon do not review complaints about delaying and denying health care, that Perkins has had hundreds of complaints, that some providers are not notifying monitors while others do not answer grievances, and that the executive director failed to investigate complaints against the Defendants. However, the allegations pointed to do not state a claim for relief; merely reciting what has already been alleged does not cure the failure to allege facts necessary to state a claim. Consequently,

**IT IS ORDERED** that the R&R (Doc.19) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend and for Injunction (Doc. 10) is **DENIED,** except insofar as Plaintiff seeks to add the factual allegations in paragraphs 33 through 43 as supporting his claim against Defendant Igwe.

Dated this 10th day of March, 2020.

Douglas L. Rayes
United States District Judge